24-924-cv
*United States v. Colasuonno*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> SUSAN L. CARNEY,
> ALISON J. NATHAN,
> > *Circuit Judges.*

_____

United States of America,

> *Plaintiff-Counter-*
> *Defendant-Appellee,*

> v.                                                          **24-924-cv**

Philip Colasuonno,

*Defendant-Counter-Claimant-Appellant.*[*]

_____

FOR PLAINTIFF-APPELLEE:          Matthew Podolsky, Acting U.S. Atty. S.D.N.Y., Jeremy M. Liss, Christopher Connolly, Asst. U.S. Attys., Of Counsel.

FOR DEFENDANT-APPELLANT:          Erin K. Flynn, Clair Gjertsen & Weathers PLLC, White Plains, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (McCarthy, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Philip Colasuonno appeals from the denial of his motion for judgment on the pleadings and the grant of summary judgment in favor of Plaintiff-Appellee the United States. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm the judgment of the district

[*] The Clerk of Court is respectfully directed to amend the caption as noted.

2

court.

Colasuonno was the partial owner of a company that failed to collect, truthfully account for, and remit Social Security, Medicare, unemployment, and income taxes from its employees' wages and to report these holdings to the Internal Revenue Service (IRS), as required by federal law. He subsequently pled guilty to conspiracy to commit tax fraud, in violation of 18 U.S.C. § 371, and aiding and assisting in the preparation of a false tax return, in violation of 26 U.S.C. § 7206(2).

Colasuonno then filed a petition for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the Southern District of New York. On April 21, 2011, while the bankruptcy proceedings were pending, the IRS timely assessed $1,742,410.30 in trust fund recovery penalties against Colasuonno for the relevant tax period. Shortly thereafter, the IRS issued a Notice of Federal Tax Lien to Colasuonno, which it filed with the Westchester County Clerk. On July 22, 2011, the bankruptcy court granted Colasuonno a discharge.

The United States commenced this action against Colasuonno in December 2021 to recover the assessed trust fund recovery penalties and interest. Colasuonno moved for judgment on the pleadings, contending that the complaint

was untimely. The district court denied Colasuonno's motion, holding that the complaint was timely filed under the applicable tolling provision and rejecting Colasuonno's argument that the IRS's alleged violation of the bankruptcy stay by filing the Notice of Federal Tax Lein meant that the tolling provision did not apply. The district court later granted the government's motion for summary judgment. Colasuonno timely appealed.

On appeal, Colasuonno challenges only the district court's denial of his motion for judgment on the pleadings, arguing that the government's filing of the Notice of Federal Tax Lien during the pendency of his bankruptcy proceeding forecloses the applicability of the relevant tolling statute.

## I. Standard of Review

This Court reviews *de novo* a district court's denial of a motion for judgment on the pleadings, "accepting the allegations in the amended complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Ass'n of Car Wash Owners Inc. v. City of New York*, 911 F.3d 74, 80 (2d Cir. 2018) (quotation marks omitted). "In deciding a Rule 12(c) motion, we employ the same standard applicable to dismissals pursuant to Rule 12(b)(6)." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 429 (2d Cir. 2011) (quotation marks omitted and alterations

4

adopted).

## II. Discussion

Colasuonno's only argument on appeal is that the district court should have granted his motion for judgment on the pleadings on the ground that the government's complaint was untimely. Typically, an action for collection of a penalty assessment must be filed "within 10 years after the assessment of the [penalty]." 26 U.S.C. § 6502(a)(1); *see also id.* at § 6671(a). Because the IRS filed the assessment on April 21, 2011, the statute of limitations ordinarily would have run by April 21, 2021, before the government filed the present complaint in December of that same year.

However, when a taxpayer has filed for bankruptcy, an automatic stay prohibits collecting, assessing, or recovering a claim against him that arose before the commencement of the bankruptcy case until the bankruptcy is closed or dismissed or until a charge is granted or denied. 11 U.S.C. § 362(a); *id.* at § 362(c). In other words, although the government could still make an assessment against an individual while his bankruptcy proceeding is pending, *see id.* at § 362(b)(9)(D), it cannot take any action to recover on that assessment until after the stay is lifted. The Internal Revenue Code consequently tolls the statute of limitations for

collection of an assessment "for the period during which the Secretary is prohibited by reason of [a case under title 11 of the United States Code] from making the assessment or from collecting and . . . for collection, 6 months thereafter." 26 U.S.C. § 6503(h)(2). Thus, because the bankruptcy court granted Colasuonno a discharge on July 22, 2011, the government had until January 22, 2022—ten years and six months from such discharge—to file its complaint. Under § 6503(h)(2), the complaint was therefore timely.

Before the district court and on appeal, Colasuonno contends that the tolling provision does not apply because, in his view, the government violated the automatic stay by filing a Notice of Federal Tax Lien while the bankruptcy proceeding was pending. The district court held that it "need not pass on the question of whether the [Notice] violated the stay" because, even if it did, the Internal Revenue Code provides that the exclusive remedy for violations of the automatic stay is to petition the bankruptcy court to recover damages. *United States v. Colasuonno*, 653 F. Supp. 3d 59, 66 (S.D.N.Y. 2023) (citing 26 U.S.C. § 7433(e)(1)). As a consequence, it concluded, Colasuonno's claim of a violation of the automatic stay should have been brought in the bankruptcy court in the first instance, not raised as a defense to the applicability of the tolling provision. *Id.*

6

In his appellate brief, Colasuonno does not address the district court's holding that, regardless of whether the filing of the Notice violated the stay, such a violation would not result in suspension of tolling because the exclusive remedy would be seeking damages in bankruptcy court. "We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) (quotation marks omitted), *cert. denied*, 144 S. Ct. 2715 (2024).

Colasuonno largely focuses on his assumption that filing the Notice violated the stay. To the extent Colasuonno argues that a violation of the stay should preclude applying the tolling provision on fairness grounds, he makes this argument only "in a perfunctory manner, unaccompanied by some effort at developed argumentation," without citation to binding precedent, and without addressing why any fairness interest would require disturbing the district court's holding that controlling statutory language requires stay violations to be redressed in bankruptcy court. *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) (quotation marks omitted). Colasuonno did not raise a challenge to the district court's holding "or mentioned [it] only in passing; he thus failed to articulate any specific

7

reasons as to why the district court erred." *Tripathy v. McKoy*, 103 F.4th 106, 118 (2d Cir. 2024).

Because he does not challenge the district court's conclusion that the debtor's exclusive remedy for an alleged stay violation is to seek a damages award against the United States in bankruptcy court, Colasuonno has abandoned any challenge to the dispositive ground for the district court's denial of his motion for judgment on the pleadings. *See Debique*, 58 F.4th at 684. Although "we have discretion to excuse such an error if manifest injustice would otherwise result," no such injustice would result here. *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005). Colasuonno is "represented by sophisticated counsel" and "had ample opportunity properly to pursue the argument." *Motorola Credit Corp. v. Uzan*, 509 F.3d 74, 88 (2d Cir. 2007). We therefore decline to consider his arguments concerning the merits of his claim.

\* \* \*

Accordingly, we **AFFIRM** the judgment of the district court. The government's motion to dismiss is **DENIED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8